# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

BRAJA PANDIT SMITH,

    Plaintiff,

v.      CIVIL ACTION NO.: CV613-115

BRIAN OWENS; ROBERT TOOLE;
JOHN PAUL; WENDELL FOWLER;
LARRY BRUTON; TERRY MOYETT;
CO II JENKINS; CO I BISHOP; CO II
TOOTLE; CO II/CERT DOMINGEZ;
CO II BLAKENLY; CO II ANDERSON;
CO II TAYLOR; CO I OSBOURNE;
and CO I CLEMENS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. The undersigned informed Plaintiff that his claims appeared to be unrelated and directed Plaintiff to advise the Court as to which claim(s) against which Defendant(s) he wished to pursue in this cause of action. Plaintiff has responded. Based on Plaintiff's response, his claims against Defendants Jenkins, Tootle, Bishop, Dominguez, Blakerly, Anderson, Moyett, and Clemens should be **DISMISSED** without prejudice.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by

AO 72A
(Rev. 8/82)

the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Defendants: Owens, the Commissioner of the Georgia Department of Corrections; Toole, the Warden at Georgia State Prison ("GSP"); Paul, the Warden of Security at GSP; Fowler, the Warden of Care and Treatment at GSP; and Bruton, the Unit Manager at GSP, are responsible for the conditions of confinement at GSP. According to Plaintiff, the conditions for all prisoners at GSP are harsh, and he has suffered "mental and emotional anguish due to the extremely harsh conditions he

has been forced to endure at GSP." (Doc. No. 1, p. 7). Plaintiff contends that the guards at GSP harass and provoke the inmates and that brutality is an everyday occurrence. Plaintiff also contends that Defendants Toole, Paul, Fowler, and Bruton "actually encourage this abusive behavior by allowing these guards to continue mistreating inmates." (Id. at p. 8). Plaintiff further contends that inmates have complained to Defendants Toole, Paul, Fowler, and Bruton, but these Defendants allowed the problems to continue. Plaintiff avers that Defendants, who are in supervisory positions, encourage the guards to abuse inmates on a daily basis. Plaintiff contends that Defendant Owens implemented policies and procedures, which govern the Georgia Department of Corrections, and has been aware of the conditions at GSP since November or December 2012 when he filed a complaint against him and the GSP administration. Plaintiff asserts that Defendants Toole, Paul, Fowler, and Bruton are aware of the conditions at GSP.

"A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

3

line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff makes conclusory statements in his Complaint, such as Defendant Owens implemented policies and procedures and that the other Defendants are aware of the conditions at GSP, yet they ignore inmates' complaints. The Court recognizes that pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hollins v. Samuals, 540 F. App'x 937, 938 (11th Cir. 2013). Even construing Plaintiff's allegations liberally, his allegations do not indicate that Defendants' alleged actions or inaction could result in plausible violations of Plaintiff's rights.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Owens, Toole, Fowler, Paul, and Bruton be **DISMISSED**, with prejudice. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendants Jenkins, Tootle, Bishop, Dominguez, Blakerly, Anderson, Moyett, and Clemens be **DISMISSED** without prejudice. Plaintiff's Complaint should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of June, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)